# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **K.B., E.B., and J.C., Jr.**

**No. 20-0446** (Cabell County 19-JA-45, 19-JA-47, and 19-JA-48)

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother L.B., by counsel Paula L. Harbour, appeals the Circuit Court of Cabell County's March 17, 2020, order terminating her parental rights to K.B., E.B., and J.C., Jr.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S. L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Robert E. Wilkinson, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights upon its erroneous findings that she failed to comply with her improvement period and failed to correct the conditions of abuse and neglect.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed a child abuse and neglect petition against petitioner in March of 2019. Thereafter, the circuit court found that petitioner neglected her children by exposing them to unsafe and deplorable housing conditions as well as domestic violence and drug trafficking in the home. The circuit court adjudicated petitioner as an abusing parent. Petitioner moved for a post-adjudicatory improvement period, which the circuit court granted in September of 2019. Petitioner agreed to the terms of her family case plan, which included that she participate in parenting and adult life skills classes, obtain stable housing, receive mental health treatment, receive domestic violence counseling, and receive physical therapy to help her recover from a stroke that she suffered prior to the filing of the petition.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

The circuit court held petitioner's final dispositional hearing in March of 2020. The circuit court noted that it had twice reviewed petitioner's improvement period. In November of 2019, the circuit court noted that she was in "minimal compliance" with the terms of her improvement period. In January of 2020, petitioner was found to be "moderately compliant" with the terms of her improvement period. However, by March of 2020, the circuit court found that petitioner failed to complete the terms of her post-adjudicatory improvement period in that she made no attempt to remedy her mental health issues, she attended no physical therapy appointments, and she exhibited poor financial planning by spending all but one dollar of her entire March budget by March 4th. The circuit court further found that "the behaviors that led to [petitioner] being adjudicated [as an abusing parent] have not changed." The circuit court concluded that petitioner failed to follow through with a reasonable family case plan and, as a result, there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. Accordingly, the circuit court terminated petitioner's parental rights by its March 17, 2020, order.[2]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights upon erroneous findings. She argues that the circuit court's finding that she failed to comply with the family case plan is erroneous because she maintained stable housing, participated in parenting and adult life skills, and ended her relationship with her abusive partner. She further argues that the circuit court erred in finding that she failed to correct the conditions of abuse and neglect for the same reasons. Upon our review of the record, we find petitioner is entitled to no relief.

---

[2]K.B. and E.B. were placed with their nonabusing father and have achieved permanency in his care. J.C., Jr.'s father voluntarily relinquished his parental rights to the child in November of 2019. According to the parties, the permanency plan for this child is adoption in his current foster placement.

Petitioner is precluded from relief on appeal, in part, because she has provided no factual evidence in support of her argument. Her brief does not contain a single citation to the record in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. Rule 10(c)(7) requires that "[t]he argument must contain appropriate and specific citations to the record on appeal." Rule 10(c)(7) further provides that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." As we have previously held, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (citation omitted). Accordingly, petitioner's assignments of error could be disposed without any further analysis.

Nevertheless, upon our review of the record, we find the circuit court did not err in terminating petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination of parental rights is necessary for the welfare of the children. Pursuant to West Virginia Code § 49-4-604(d)(3), a circuit court may determine that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

As mentioned above, the circuit court found that petitioner failed to complete the terms of her improvement period and, therefore, failed to follow through with a reasonable family case plan. On appeal, petitioner asserts she completed three of the terms of her improvement period (suitable housing, parenting and adult life skills classes, and ending her relationship with her abusive spouse); however, she completely ignores the other terms of her improvement period. The circuit court found that she failed to remedy her mental health issues and did not attempt physical therapy, despite having agreed to both of those terms. Notably, the sparse record that petitioner has provided contains no evidence to contradict these findings.[3]

Finally,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be

---

[3]Although the compilation of the appendix was within petitioner's control, she only included the child abuse and neglect petition, the circuit court's orders, her forensic evaluation, the family case plan, and a statement regarding her supplemental security income, none of which contradicts the circuit court's findings below.

substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Finding no error in the circuit court's findings of fact from the record presented, we conclude that the circuit court did not err in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 17, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**:  December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4